```
               UNITED STATES DISTRICT COURT
                 DISTRICT OF CONNECTICUT

ALLAH S. BEY                    :
                                :
                                :
v.                              :    CIV. NO. 3:14CV01930(HBF)
                                :
SUZANNE E. HILL                 :
                                :
                                :
```

## RULING ON MOTIONS IN LIMINE

Pending are the parties' Motions in Limine. [Doc. #62, 66, 74, 86]. Oral argument was held on September 6, 2017.

Standard of Review

"The purpose of an in limine motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) (quoting Banque Hypothecaire Du Canton De Genève v. Union Mines, 652 F. Supp. 1400, 1401 (D. Md. 1987)); see Luce v. United States, 469 U.S. 38, 40 n.2 (1984) ("We use the term ["in limine"] in a broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered."). "A district court's inherent authority to manage the course of its trials encompasses the

1

right to rule on motions in limine." Capital Mgmt., L.P. v. Schneider, 551 F. Supp. 2d 173, 176 (S.D.N.Y. 2008).

"Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." Levinson v. Westport Nat'l Bank, No. 3:09-CV-1955(VLB), 2013 WL 3280013, at *3 (D. Conn. June 27, 2013) (quoting Highland Capital Mgmt., L.P. v. Schneider, 379 F. Supp. 2d 461, 470 (S.D.N.Y. 2005)). Courts considering a motion in limine may reserve judgment until trial, so that the motion is placed in the appropriate factual context. See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Meyers Co. Grp., 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

**Plaintiff's Motion in Limine Regarding Dr. Gina Glass [Doc. #62]**

Plaintiff seeks to preclude any and all expert testimony by defendant's expert, Gina Glass, M.D., due to untimely disclosure. Specifically, Dr. Glass was disclosed on August 24, 2017, after discovery closed and only one day before the parties' Joint Pretrial Memorandum was due. Dr. Glass is defendant's primary care physician and had been disclosed to testify. Plaintiff was aware, however, that "defendant had instances of dizziness or light headedness prior to the accident and at least <u>two</u> prior instances where she lost consciousness: one that occurred during her childhood and one that occurred just six months prior to the car accident. It is the plaintiff's

2

position that one of the manners in which the defendant was negligent was her decision to continue driving after experiencing prior instances of sudden loss of consciousness." [Doc. #62-1at 2; Compl. at ¶¶9 (g-j)]. Nevertheless, plaintiff claims that he has been "severely prejudiced by defendant's untimely disclosure," arguing he has been deprived of the opportunity to depose Dr. Glass or to have the expert opinion evaluated by he own expert. [Doc #62-1 at 4].

Defendant states she has provided all the medical records so, although the disclosure was late, there is nothing new. Moreover, any prejudice may be overcome as the parties planned to depose Dr. Glass before the trial. Defendant intends to play the video deposition at trial in lieu of live testimony.

On this record, plaintiff's Motion in Limine **[Doc. #62]** is **DENIED**.

**Plaintiff's Motion in Limine Regarding Opinions of Cause of Accident Contained in Medical Records [Doc. #66]**

Plaintiff next moves to exclude certain statements from defendant's medical records that reflect her medical condition at the time of the accident, which defendant intends to offer as exhibit 118. Plaintiff also filed, under seal, a copy of exhibit 118, which is the medical record from St. Vincent Medical Center dated December 29, 2012-January 9, 2013, highlighting the entries he seeks to redact. [Doc. #86].

Plaintiff argues that certain statements are inadmissible hearsay, and are improper statements of medical opinion without a disclosed expert to explain them. [Doc. #66-1 at 1]. To the extent that the medical records contain statements, the statements may be admissible under Federal Rule of Evidence 803(4). A hearsay statement "that is made for—and is reasonably pertinent to—medical diagnosis or treatment; and describes medical history; past or present symptoms or sensations; their inception; or their general cause" is admissible under Rule 803(4)'s exception to the hearsay rule. Fed. R. Evid. 803(4). The Advisory Committee Notes regarding the medical diagnosis exception provide that statements of the patient's condition are exempted from the hearsay rule because of the patient's strong motivation to be truthful in order to obtain the appropriate diagnosis and treatment. Fed. R. Evid. 803(4), Advisory Comm. Notes, 1972 Proposed Rules; see White v. Illinois, 502 U.S. 346, 356 (1992) ("[A] statement made in the course of procuring medical services, where the declarant knows that a false statement may cause misdiagnosis or mistreatment, carries special guarantees of credibility that a trier of fact may not think replicated by courtroom testimony."). The Notes further explain that statements that go beyond causation, however, and assign fault for a medical condition are not excepted. Id.

The records in question are medical/hospital records and contain defendant's statements regarding her medical condition made for medical treatment immediately following the accident. Statements made by defendant in furtherance of obtaining a medical diagnosis would be admissible. Similarly, statements recording the observations of the emergency medical responders regarding her medical condition would be admissible. However, to the extent that defendant's record includes a statement regarding the cause of the accident, in other words, statements made to defendant about what occurred while she was unconscious, or to the emergency medical responders, would not be admissible. See Def. Ex. 118 at 54, 59, 61, 68, 69, 71, 75 (in part), 79 (in part).

Accordingly, plaintiff's Motion in Limine Regarding Opinions of Cause of Accident Contained in Medical Records **[Doc. #66]** is **GRANTED in part and DENIED in part**. Plaintiff's Motion for Redactions to Defendant's Exhibit 118 **[Doc. #86]** is **GRANTED in part and DENIED in part**. Plaintiff is free to renew his objection at trial based on the context of the evidence presented.

## Defendant's Motion in Limine Regarding Expert Testimony of Steven Putterman [Doc. #74]

Plaintiff retained an actuary, Steven Putterman, on October 21, 2016. He "is expected to testify that the present value of

the plaintiff's economic loss due to past and future lost wages resulting from a car accident on December 29, 2012 and subsequent periods of unpaid leave, is between $80,000 and $85,000. [Doc. #85-1, Ex. 1].

Defendant concedes that plaintiff documented some lost wages immediately following the accident, which are supported by medical records. Defendant argues that Putterman's opinion lacks foundation and is based on speculation and should be excluded because his opinion as to total economic loss for missed time is based on "discussions with plaintiff's counsel and vague records from plaintiff's employer." [Doc. #74 at 1]. As indicated in plaintiff's expert disclosure, Putterman "bases his opinion upon his review of the deposition transcript of Allah Bey, as well as Mr. Bey's wage records and his employment records, which have previously been disclosed in this matter." [Doc. #85-1]. Plaintiff's wage and attendance records will be exhibits in this case and Putterman will explain how he used the records to make his calculation, and he will "explain his methods and calculations at trial." [Doc. #85 at 3]. Plaintiff alleges that he will testify that he lost work due to pain caused by the accident and contends he is not required to see a doctor whenever pain precluded him from performing his job responsibilities and required him to take time off from work. This testimony may be cross-examined at trial. Plaintiff argues,

6

and the Court agrees, that the jury may consider his testimony when weighing the evidence to support an appropriate damages award. Accordingly, defendant's motion is denied on the current record. The Court's ruling, however, is "subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected]." Luce 469 U.S. at 41.

Defendant further argues that Putterman failed to make a deduction for fringe benefits "such as any impact on company pension or social security" or income tax. Plaintiff states that he will be taxed by the IRS on any jury award for lost income so that, it is not proper for Putterman to make a reduction for taxes which would effectively penalize plaintiff by taxing him twice. Id. at 4. Neither party has offered case law. The parties may revisit this issue at trial and/or offer jury instructions that address this issue.

Finally, plaintiff states that he is not seeking compensation for lost fringe benefits, "the fact that Mr. Putterman did not calculate the reduction in Mr. Bey's future pension and the reduction in Mr. Bey's future social security distributions as damages to which the plaintiff is entitled, is a windfall to the defendant in the form of a reduced damages claim, not an overstatement of damages by the plaintiff." Id. at 5 (emphasis in original). Accordingly, the Court finds that this issue is moot.

CONCLUSION

Plaintiff's Motion in Limine Regarding Dr. Gina Glass **[Doc. #62]** is **DENIED**.

Plaintiff's Motion in Limine Regarding Opinions of Cause of Accident Contained in Medical Records **[Doc. #66]** and Motion to Redact Defendant's Exhibit 118 **[Doc. #86]** are **GRANTED in part and DENIED in part**. The parties will confer in an effort to reach an agreement on the redaction of certain entries consistent with this ruling.

Defendant's Motion in Limine Regarding Expert Testimony of Steven Putterman **[Doc. #74] is DENIED in part, RESERVED in part, and MOOT in part** consistent with this ruling.

This is not a Recommended Ruling. The parties consented to proceed before a United States Magistrate Judge [doc. #30] on November 1, 2016, with appeal to the Court of Appeals. Fed. R. Civ. P. 73(b)-(c).

SO ORDERED at Bridgeport, Connecticut this 4th day of October 2017.

                         /s/
                         HOLLY B. FITZSIMMONS
                         UNITED STATES MAGISTRATE JUDGE